JORGEN HANSEN, Appellant, v. CITY OF MISSOURI VALLEY, Appellees.

MUNICIPAL CORPORATIONS: Public Improvements—Assessment
1  of Benefits—Assessment Roll as Evidence of Value. The last pre-
ceding assessment roll is prima-facie evidence of the value of prop-
erty as a basis for assessment of benefits for public improvements,
*but is not conclusive on either party.* Sec. 792-a, Code Supp., 1913.

MUNICIPAL CORPORATIONS: Public Improvements—Assessment
2  of Benefits—Method of Computing. The manner of apportioning
the cost of public improvements is of but little concern, *provided
the correct result is attained.*

MUNICIPAL CORPORATIONS: Public Improvements—Assessment
3  of Benefits—Objections—Waiver. Errors, irregularities and in-
equalities in the making of special assessments, not raised by
proper objections before the city council, are waived.

*Appeal from Harrison District Court.—E. B. WOODRUFF,
Judge.*

FRIDAY, DECEMBER 15, 1916.

A RESOLUTION of necessity for curbing and paving the street in front of Jorgen Hansen's property, was adopted by the city council of Missouri Valley, January 6, 1914. In pursuance thereof and other proceedings, the regularity of which is not questioned, said street was curbed and paved later in the year. A plat and schedule of assessments proposed were filed, as required by Section 821 of the Code, and notice given, as exacted by Section 823, Code Supp., 1913, whereupon the plaintiff, Hansen, filed the following objections:

"The undersigned owner of Lot 5 in Block 26, city of Missouri Valley, Iowa, hereby objects to the proposed assessment of $794.25 against said lot, as the amount of said proposed assessment exceeds 25 per cent of the value of said

property, as provided by Section 792-a of the Supplement to the Code of Iowa, and hereby requests your honorable body to reduce said assessment to such amount as is provided by law."

The objection was overruled by the city council; but, on appeal, the district court reduced it to $700. Hansen appeals. —*Affirmed.*

*J. S. Dewell,* for appellant.

*Burke & Tamisiea* and *C. W. Kellogg,* for appellees.

LADD, J.—I. Jorgen Hansen owned Lot 5 in Block 26 of Missouri Valley. The street in front of it was curbed and paved by the city. The sum of $794.25 was assessed against the lot as its apportionment of the expense according to benefits received. He objected, on the ground that "the said proposed assessment exceeds 25 per cent of the value of said property, as provided by Section 792-a of the Code Supplement," and requested the city council "to reduce said assessment to such amount as is provided by law." The record discloses that the value of the lot, according to the last assessment roll, was $1,800. Some witnesses estimated that its actual value was more than $2,800. Others fixed it at that sum, and still others thought it much less. What a thing is worth is largely a matter of opinion, and cannot well be ascertained with absolute accuracy. Much depends on the viewpoint of each of the several witnesses. A careful examination of the evidence has convinced us that the lot with improvements was actually worth $2,800, as determined by the trial court.

II. Appellant contends that the value of the lot was fixed by the assessment roll, and that, though the lot owner might show its value to be less than it there appears, it was incompetent for the city to prove it to have been more. He relies on Section 792-a, Code Supplement, 1913, which reads:

"When any city or town council or board of public

works levies any special assessment for any public improvement against any lot or tract of land, such special assessment shall be in proportion to the special benefits conferred upon the property thereby and not in excess of such benefits. Such assessment shall not exceed twenty-five per centum of the actual value of the lot or tract at the time of levy, and the last preceding assessment roll shall be taken as prima-facie evidence of such value.''

1. MUNICIPAL CORPORATIONS: public improvements: assessment of benefits: assessment roll as evidence of value.

It is argued that the last clause is a limitation on the city council, or at least that the council, having fixed or approved the assessed value, may not treat such value as less than its actual value, and levy a special assessment exceeding 25 per cent of its assessed value. The position is not tenable. The limitation is 25 per cent of the actual value. The qualifying word ''actual'' is evidently inserted to distinguish the value intended from the assessed and, possibly, market value. What follows relates solely to the evidence by which actual value shall be ascertained, and is not, in form or substance, a limitation. That is the only purpose for which an assessment roll may be used, and there is nothing in the statute to justify an inference that the actual value may not be proven by either party. Nor is it to be said that the city is responsible for the assessment as it appears on the assessment roll, as counsel seem to assume. True, the city council acts as a board of review in correcting the work of the assessor, but this is for the general public, rather than in behalf of the city, and the values fixed are subject to change by the county supervisors, acting as a county board of review, and later by the members of the executive council, acting as a state board of review. See Section 1370, Code, et seq. It is well known that, notwithstanding the requirement of the Code that all property be assessed at its full value, it is not done; and, though officers are presumed to do their duty, it would seem that, independent of this statute, the assessed value should be presumed to be the actual value. This statute

merely so declares, and is no more than a rule of evidence.
The lot, with improvements, was subject to assessment equal-
ling 25 per cent of its actual value; and, on objection, either
party was at liberty to prove that, aliunde the assessment
roll.    There was evidence tending to show that the engineer
and members of the city council estimated

2. MUNICIPAL COR-
PORATIONS :
public improve-
ments : assess-
ment of ben-
efits : method of
computing.

the values of the several lots abutting on the
improvement by strips 25 feet wide, fixing
the relative percentage of value of each suc-
cessive strip.    Suppose they did.    It is of
no concern to anyone else, if they arrived at the correct
result.    The manner of apportionment is not defined by stat-
ute, and that method may be pursued which seems best
adapted to the purpose, and it is not a matter of complaint,
if the apportionment of the burden of expense be according
to the benefits received, if within 25 per cent of the actual
value of the property assessed.    For all that appears, this
was accomplished.    The ruling of the trial court is approved.

III.    Hansen was recalled on surrebuttal, and testified,
among other things, that he had been unable to obtain higher
rentals since the pavement, and that the market value of
the lot had not been increased thereby.    On

3. MUNICIPAL COR-
PORATIONS : pub-
lic improve-
ments : assess-
ment of ben-
efits : objec-
tions : waiver.

this ground, it is said that the assessment
should have been set aside, for that no ben-
efits had accrued from the improvement.    No
such objection had been interposed before the
city council, and for this, it may not be considered.    *Camp v.
City of Davenport,* 151 Iowa 33; *Durst v. City of Des Moines,*
150 Iowa 370; *Andre v. City of Burlington,* 141 Iowa 65.
—*Affirmed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.