HORACE E. BELKNAP, Appellant, v. CITY OF ONAWA, Appellee.

MUNICIPAL CORPORATIONS: Public Improvements—Assessments—
1 Actual Value of Property. The statutory provision that special assessments against property shall not exceed 25 per cent of its actual value at the time of levy means that the assessment shall not exceed 25 per cent of that value which the property has *after the improvement is fully completed.* (Sec. 792-a, Code Supp., 1913.)

MUNICIPAL CORPORATIONS: Public Improvements—Excessive Assessments.
2 Record reviewed, and held to show assessments in excess of 25 per cent of the actual value of the property.

*Appeal from Monona District Court.*—W. G. SEARS, Judge.

FEBRUARY 14, 1922.

APPEAL from the action of the district court in confirming a special assessment for paving, levied by the city council of Onawa, Iowa, against the property of the appellant.—*Modified and affirmed.*

*C. E. Underhill,* for appellant.

*Miles W. Newby* and *C. E. Cooper,* for appellee.

FAVILLE, J.—The appellant is the owner of one half of Block 70 in the city of Onawa, the said tract being divided

into four lots, described as Lots 5, 6, 7, and 8, and numbered in

1. MUNICIPAL COR-
PORATIONS: pub-
lic improvements:
assessments:
actual value of
property.

said order, beginning at the east lot. The lots face upon Iowa Avenue, and there is a street on the east side and also one on the west side of Block 70, both of which were also paved. The work of paving was completed in the year 1919, and proper proceedings were had for the assessment of the appellant's property. The appellant appeared before the city council and filed objections to the proposed assessment on his property, as included in the schedule filed before the city council, and a substantial reduction was made in the proposed assessment. He prosecuted his appeal from the action of the city council to the district court of Monona County, where, upon trial, the assessment as levied by the city council was approved and confirmed. The assessment as finally fixed by the city council was made on February 25, 1920, after the improvement had been fully completed.

Two questions are urged upon us by this appeal. The first is a question of law, as to the time when the value of the property should be determined; the second is a fact question, involving the actual value of the appellant's lots.

I. Section 792-a of the Supplement to the Code, 1913, is as follows:

"When any city or town council or board of public works levies any special assessment for any public improvement against any lot or tract of land, such special assessment shall be in proportion to the special benefits conferred upon the property thereby and not in excess of such benefits. Such assessment shall not exceed twenty-five per centum of the actual value of the lot or tract *at the time of levy*, and the last preceding assessment roll shall be taken as prima-facie evidence of such value."

It is the appellant's contention that, in levying the assessment for street improvements against the property of the appellant, the city council, under this statute, could not levy an assessment in excess of 25 per centum of the actual value of the lot or tract, and that such actual value should be fixed and determined immediately before the construction of the improvement. In other words, the contention of the appellant is that

the enhanced value of the property, if any, because of the construction of the improvement, cannot be taken into consideration in determining the amount of the assessment which may be levied against the property. Appellant urges that the last clause of said Section 792-a, supra, is an indication of the intention on the part of the legislature that the assessment shall be levied on the pre-improvement value of the property. This clause provides that "the last preceding assessment roll shall be taken as prima-facie evidence of such value." Appellant argues that said "last preceding assessment roll" referred to is, of necessity, an assessment roll made before the improvement was constructed, and therefore that the legislature, in making such assessment roll prima-facie evidence of the value of the property, contemplated that the value should be fixed as of a date prior to the construction of the improvement.

The provision that the last preceding assessment roll shall be prima-facie evidence of value is, however, not controlling on this question. In the first place, it is to be observed that, by express provision of the statute, the last preceding assessment roll is only prima-facie evidence of the value of the property.

In *Hansen v. City of Missouri Valley,* 178 Iowa 859, we discussed this provision of the statute, and said:

"It is well known that, notwithstanding the requirement of the Code that all property be assessed at its full value, it is not done; and, though officers are presumed to do their duty, it would seem that, independent of this statute, the assessed value should be presumed to be the actual value. This statute merely so declares, and is no more than a rule of evidence."

The statute, by its express terms, provides that "such assessment shall not exceed twenty-five per centum of the actual value of the lot or tract *at the time of levy."* As stated in the *Hansen* case, the value that is to be ascertained as the basis for settlement is the "actual value," and not the assessed or possibly the market value, and such value, by the express terms of the statute, is to be ascertained "at the time of levy." Under the provisions of the statute, the time of levy of a special assessment is definitely and certainly fixed as being subsequent to the construction of the improvement. Code Section 820 provides:

"When the making or reconstruction of any street improve-

ment or sewer shall have been *completed,* * * * the council shall *then* assess such portions upon and against such property as provided by law.''

Code Section 821 provides for the manner in which a plat and schedule of the assessment shall be prepared and filed, Code Section 823 provides for the giving of notice after the filing of the plat and schedule, and Code Section 825 provides:

''The special assessments made in said plat and schedule, as corrected and approved, shall be levied at one time.''

Reading these sections together, there can be but one conclusion, and that is that the levy of the special assessment by the city council for street improvement cannot be made, under the statute, until after the improvement has been completed; and the statute expressly provides that the assessment is not to.exceed 25 per centum of the actual value of the lot or tract at the time of the levy. It therefore, of necessity, follows that, in determining the actual value of the improvement at the time of the levy (which levy can only be made after the improvement is completed), said actual value is to be determined as it exists with the improvement constructed. The preceding assessment roll is only prima-facie evidence of the value of the property at the date that such prior assessment was made. The question before the council, at the time of levying the special assessment, is the actual value of the property in the condition in which it is at the time the said special assessment is levied. The assessment shall not exceed 25 per centum of such actual value.

II.   It is the further contention of the appellant that, under the evidence in the case, the assessment finally levied by the city council and approved by the district court, against the appellant's property, is excessive, and should be reduced.

2. MUNICIPAL COR-
PORATIONS: pub-
lic improvements:
excessive assess-
ments.

The evidence shows that each of appellant's lots in question has a frontage of 66 feet upon Iowa Avenue. It is conceded by all of the witnesses that the lots are located in a desirable residence portion of the city of Onawa. There is an old house upon Lot 5, which is shown by the evidence to be of comparatively little value. The last preceding assessment of said premises showed the valuation of Lot 5 to be $700, and of the remaining three lots $448 each. The

plat and schedule provided for a proposed assessment of the property for the improvement as follows: Against Lot 5, $962.60; against Lot 6, $732.77; against Lot 7, $767.13; and against Lot 8, $1,045.11,—or an aggregate amount of $3,507.61. Upon a hearing before the city council upon the appellant's objections, this proposed assessment was reduced, and finally fixed and established in the following sums: Against Lot 5, $625; against Lot 6, $450; against Lot 7, $450; and against Lot 8, $550,—making the total assessment, as finally fixed by the city council, $2,075, which, as so levied against each of said lots, was confirmed by the district court.

There is evidence to the effect that the actual cost of the construction of the improvement adjacent to the said lots of the appellant was in the several amounts above set forth as originally proposed to be assessed, or a total of $3,507.61. The amount finally assessed by the city council is less than the actual cost of the improvement, in the total sum of $1,432.61. In *Carpenter v. City of Hamburg,* 179 Iowa 1168, we held that for such an improvement lots could be assessed legally for more than the actual cost of the improvement in front of the particular lot, provided such assessment did not exceed 25 per centum of the actual value of the lot at the time of the levy. The cost of said improvement is, however, not to be made the basis for the levy of the assessment; but it has some bearing upon the actual value of the lots at the time of the levy of the assessment, as does also the last preceding assessment and numerous other things in connection with the said lots. The situation and surroundings of the lots, their availability and desirability for use for residential or business purposes, their proximity to other desirable property, their nearness to schools, churches, and business sections of the city, the value and improvements upon other lots in the locality, and the prices at which other similar properties have been sold at or about the time of the levy, together with any other proper and legitimate facts bearing on the question of the actual value of the lots at the time of the levy of the assessment, are proper to be considered, in determining the actual value of the property and the amount of the assessment.

Matters of the general character above referred to were offered in evidence in this case, and the evidence is in great

conflict, both as to the value of the lots before the improvement and their value after the improvement. The evidence as to the value at the time of the levy ranges all the way from $1,400 to $2,600 on Lot 5; from $1,100 to $2,000 on Lot 6; from $1,000 to $2,000 on Lot 7; and from $1,100 to $2,500 on Lot 8. The city council fixed the assessment on Lot 5 at $625; and, assuming that they assessed all of the lots to the full extent of the 25. per centum of the actual value at said time, this would be on the basis that said lot was at said time worth $2,500. As to Lots 6 and 7, it would be on the basis that each of said lots was, at said time, worth $1,800; and as to Lot 8, it would be on the basis that said lot was worth $2,200.

There was some evidence of the sales of property in the vicinity of the lots in question. This evidence has bearing upon the value of appellant's lots, although it may be true that lots in the immediate vicinity may differ substantially in value. It appears that a lot in Block 71 in this vicinity sold, in the spring of 1919, for $1,850, with a house on it valued at about $800. This was, however, before the paving was put in. Another lot appears to have been sold in that vicinity in 1919, before the paving was put in, for $800, and another one for $1,000. It also appears that there are a large number of vacant residence lots in the city of Onawa.

It is impossible to reconcile the evidence in this case in regard to the value of these lots at the time of the levy of this assessment. A careful reading of the entire evidence in the case convinces us that the assessment as finally fixed by the city council was in excess of 25 per centum of the actual value of the lots at the time such assessment was made. It is impossible to reach any absolutely certain and definite amount as to the actual value of lots in a matter of this kind. The best that can possibly be done is an approximation. We are convinced, however, from the entire record in this case, that the amount assessed against the appellant's lots is a greater amount than should be borne by these lots, in view of the evidence regarding their actual value at the time of said assessment. We think that the trial court should have assessed the said lots in the following amounts: Against Lot 5, $500; against Lot 6, $375; against Lot 7, $375; and against Lot 8, $450. The assessment

appealed from will be fixed and established in said amounts, and the decree of the trial court modified to this extent.  The costs of this appeal will be taxed to the appellee.  It is so ordered.— *Modified and affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.