ILLINOIS CENTRAL RAILROAD COMPANY, Appellant, v. INCORPORATED TOWN OF POMEROY, Appellee.

**MUNICIPAL CORPORATIONS:** Public Improvements—Approximate Accuracy in Assessments. Approximate accuracy in the fixing of special assessments is all that can be hoped for. Record reviewed, and held that a $20,000 assessment against railway property was proper.

*Appeal from Calhoun District Court.*—E. G. ALBERT, Judge.

SEPTEMBER 22, 1923.

APPEAL by both parties from an assessment against the property of plaintiff for construction of pavement in the town

of Pomeroy, Iowa. Facts are set forth in the opinion. Assessment made by the court is confirmed.—*Affirmed on both appeals.*

*Helsell & Helsell* and *E. C. Stevenson,* for appellant.

*A. T. Horton, Mitchell & Files,* and *Price & Burnquist,* for appellee.

ARTHUR, J.—I. The project of paving certain streets of the town of Pomeroy, Iowa, arose, and the town council proceeded with the enterprise at a cost of about $268,000. A special assessment for paving was levied by the town council against the property of plaintiff, the Illinois Central Railroad Company. Plaintiff appealed from the action of the council to the district court. The court reduced the assessment. Both parties appeal from the action of the court. Plaintiff perfected its appeal first, and will be styled "appellant." The town of Pomeroy has a population of about 900. The Illinois Central railroad runs east and west through the town, the town lying almost entirely south of the railroad right of way. Immediately south of the railroad property is First or Main Street, which is the principal business street of the town. Business houses extend about four blocks along the south side of Main Street, the business portion of the town being opposite the railroad depot property. The said streets adjoining the railroad right of way are paved, and also one other street, Ontario Street, running north and south, crossing Main Street and the railroad property.

In December, 1919, the town council instituted proceedings for the pavement of certain streets of the town. The resolution of necessity for the improvement of paving certain streets of the town was offered and, on the 21st day of January, 1920, duly adopted. The resolution provided for notice, which notice was given as provided by statute. Contract was let for the improvement, and, after the work was finished, resolution accepting the work and ordering the plat and schedule of assessment was adopted on the 28th day of October, 1920. Notice of filing of said plat and schedule of assessment was duly given to property owners affected by the improvement. By the schedule of assessment it was proposed to assess the plaintiff company the sum of $35,765.09. Plaintiff company objected to the proposed

assessment against it, on the grounds of lack of jurisdiction, illegality of proceedings, fraudulent attempt to make an excessive assessment against plaintiff company, discrimination in assessment, and the unconstitutionality of the assessment. The objections of plaintiff .company were overruled; whereupon plaintiff perfected an appeal to the district court. The district court reduced the assessment to $20,000. Both parties complain of the assessment as reduced by the district court.

II.   The objections urged by plaintiff company before the town council and in the district court, and errors urged here for reversal, may be summarized as follows:

(1)   That jurisdiction was not acquired to make the assessment, and the assessment sought to be made against the property is void.

(2)   That the assessment was not authorized by legal resolution; that there was no proof of service of notice of the resolution, as required by law; and that the town council obtained and had no jurisdiction to make the assessment.

(3)   That the entire proceeding as to all taxpayers, including the plaintiff company, was illegally and fraudulently entered into and carried forward by the town council.

(4)   That the proposed assessment was in excess of the benefits received by the plaintiff company, and confiscatory.

(5)   That the assessment against the plaintiff company was contrary to and in violation of the Constitution of Iowa and the Fourteenth Amendment to the Federal Constitution, and deprived the plaintiff company of equal protection of the law of equal rights.

(6)   That Section 791-i of the Code Supplement, 1913, is unconstitutional; in that it provides for the taking of property from a railroad company, in effect, in a different way and in a different amount than is provided as to owners of private property, and amounts to a violation of the Constitutions of Iowa and of the United States as to equal rights.

(7)   That the assessment made against the railroad property is contrary to and not in compliance with Section 792-a, Code Supplement, 1913, which provides that the assessment value shall not be more than one fourth of the actual value of the property assessed.

(8)  That there is evident mistake in the court's finding of fact that the railroad property was assessed at $30,128 a mile; that the evidence shows that such amount is the actual value, as determined by the executive council; and that the property, under the court's reasoning, could only be assessed at $2,300, instead of $11,300.

(9)  That the court erred in rendering judgment against the plaintiff company for $20,000, the amount of the assessment fixed by the court; that all the court had authority to do was to determine that the assessment was invalid, or to fix the amount which the assessment should be.

As we understand the record (the court below in a written opinion so says), the objections to the constitutionality of Section 791-i of the Supplement to the Code, 1913, and any other constitutional questions, were not pressed in the district court; and they will not further be alluded to.

III.  Plaintiff urges that there was want of jurisdiction by the town council, because there was no competent proof of legal publication of the resolution of necessity. This objection is not well taken. The resolution of necessity was in all respects as required by law, was duly adopted, and notice of such resolution was given by publication, as required by statute. Proof by affidavit of the publication of the notice was introduced in evidence, and is sufficient in form and substance. The affidavit or proof of publication was not made and filed at the time of or immediately succeeding the publication. Notice was published in December, 1919, and the affidavit was not made until April, 1921; but that was sufficient. Also, in addition to the proof of publication by affidavit, Horton, the clerk of the town, testified to knowing that the notice was published, by having seen its publication.

IV.  Some criticism is made of the plat and schedule made by the engineer in charge, without pointing out any particulars in which they are claimed to be wrong; and also of the method followed by the mayor and council in making assessments. The schedules were introduced in evidence, and the engineer was called as a witness, and testified how the plat and schedules were made and the cost of the paving apportioned. Such testimony was not challenged by any counter showing of any kind wherein

the statute was not strictly followed in every particular. As shown by the plat and the testimony of the engineer, the railroad property is 1,280 feet long, and the width is a little more than 300 feet. The engineer testified that, in determining assessments, the area of the several parcels of ground was considered as one of the vital factors, combined with the dimensions abutting on or adjacent to the improvement and the relative distances from the improvement.

Plaintiff complains that the mayor and members of the town council, as disclosed by the testimony of the mayor, relied upon the engineer, in making the assessments. We think the statute was fully complied with in those respects. The statute provides that the council shall cause to be prepared the plat and schedule showing the particular lots or parcels of land, names of the owners, etc., and that such plat and schedule shall be filed in the office of the clerk. Code Section 821. The plat and schedule were prepared in conformity to said section.

Criticisms were made as to the method or lack of method pursued by the mayor and town council, after the plat and schedule were filed, in considering assessments. Mayor Baker testified that he and the council took up for consideration the several parcels of property affected by the pavement, where objections had been filed, and that the objections were read and considered, and that, in determining whether the pieces of property had been assessed too high, they considered the benefit that the property received from the paving. The mayor testified that, in determining the value of property for the purpose of assessment, all the property was taken as unimproved: that is, the improvements on the property were not considered.

V. The broad assertion of the plaintiff company that the entire proceeding was illegal and fraudulent is without merit. No particulars are pointed out to support such claim, and we discover none in the record. The only question of fact in the case is the amount which plaintiff company should be assessed for the improvement. The jurisdiction of the town council to levy this assessment is challenged because of some claimed defects in the proceeding. We have examined the record of the proceedings, which are fully set out in the abstracts, and have considered the objections lodged against the proceedings, and

find that the proceedings, initiated by a resolution of necessity, were regular and in accordance with the requirements of the statute in every particular, and that the mayor and town council acquired jurisdiction and had jurisdiction to order the improvement of paving the streets of Pomeroy involved in this action.

The complaint that the assessments made by the town council and also by the court are in excess of the benefits received by plaintiff company, and that such assessments exceed one fourth of the actual value of the property will be considered and discussed later, as will the findings of the court and the judgment entered by the court against plaintiff company.

VI. We come now to consider the vital question in the case: that is, whether the assessment made by the mayor and town council against the property of the plaintiff in the amount of $35,765.09 was in excess of 25 per cent of the actual value of the property, and in excess of the benefits to the property. The serious question in the case, therefore, is the correctness of the assessment returned and approved by the town council against the property of the plaintiff. Both parties objected to the assessment made by the court. Plaintiff objects to the assessment as reduced by the court, on the ground that the assessment made by the court is still too high, in excess of the benefits, and especially that the amount as reduced by the court is in excess of 25 per cent of the actual value of the property. The defendant town also, having appealed from the assessment as reduced by the court, complains that such reduction from $35,765.09 down to $20,000 was not authorized and supported by the record. These complaints, on which the appeals are based by both parties, may be discussed together.

There are two limitations, under our statute, on such an assessment: (1) That in no event can the assessment exceed the benefits conferred; and (2) that the assessment cannot exceed 25 per cent of the actual value of the property. Section 792-a, Code Supplement, 1913.

The assessment of costs of street paving requires that the burden be distributed ratably and proportionately upon the property subject to assessment. *Early v. City of Fort Dodge,* 136 Iowa 187. The assessment of benefits made by the city council is presumed to be legal, equitable, and just. *Jones v.*

*City of Sheldon,* 172 Iowa 406; *Dickinson v. Incorporated Town of Guthrie Center,* 185 Iowa 541.

Plaintiff's specific contention is that the assessment made by the council and also by the court exceeds 25 per cent of the actual value of the railroad property. The burden of proof on an appeal from an assessment is upon the appellant, to show the incorrectness of the assessment. The plaintiff, having the burden of proof, introduced in evidence the valuation per mile placed by the executive council on the main line of the railroad, showing the valuation per mile in Calhoun County of $30,128, and also the valuation placed on the railroad property in the town, by the Interstate Commerce Commission, of $28,997. Plaintiff contends that the valuation of the railroad property per mile was the proper valuation of the railroad property to be considered in ascertaining whether the assessment laid against the property was more than 25 per cent of its value. Section 792-a, Code Supplement, 1913, reads:

"When any city or town council or board of public works levies any special assessment for any public improvement against any lot or tract of land, such special assessment shall be in proportion to the special benefits conferred upon the property thereby and not in excess of such benefits. Such assessment shall not exceed 25 per centum of the actual value of the lot or tract at the time of levy, and the last preceding assessment roll shall be taken as prima-facie evidence of such value."

If the finding and return of the executive council of the mileage valuation of the railroad in Calhoun County be considered to be "the last preceding assessment roll," it may be considered as prima-facie basis for computation of the 25 per cent limit provided in the statute.

Defendant town introduced several witnesses on the value of the railroad property. W. C. McCullough, a banker, who had resided in the town of Pomeroy for 31 years, testified:

"I am familiar with the real estate values in and about Pomeroy. Was familiar with the real estate values in the town of Pomeroy during the years 1919 and 1920. Am familiar with the property of the Illinois Central, as situated in the town of Pomeroy. I think I was acquainted with the reasonable market value of this property on the 16th of March, 1920. Would say

that a fair reasonable value is from $105,000 to $110,000. I think the property, after the improvement was constructed, was worth $140,000.''

John Gutz, a banker, who had lived in and about Pomeroy for about 46 years, testified that he was acquainted with the Illinois Central railroad property in the town of Pomeroy; that the value of the railroad property prior to the construction of the pavement was $100,000 to $115,000; and that the value on March 16, 1921, after the pavement was laid, was from $140,000 to $150,000.

C. A. Marple, a resident of Pomeroy for 25 years, engaged in the furniture and undertaking business, testified that he had bought and sold land around Pomeroy, and also city property within the town of Pomeroy, and that he was familiar with the values of real estate in and about the town of Pomeroy, and was acquainted with the Illinois Central railroad property; that the value of the railroad property in 1920, before the pavement was constructed, was $110,000; and that it was worth $145,000 to $150,000 after the construction of the paving.

George N. Davy testified that he had been engaged in the real estate business in the town of Pomeroy for 26 years, and was familiar with real estate values in Pomeroy during the years 1919, 1920, and 1921; that he was familiar with the railroad property; that the fair, reasonable market value of the railroad property in the town of Pomeroy prior to the construction of the paving in 1920 was $110,000 to $120,000; that, after the construction, the value would be from $140,000 to $150,000.

These witnesses produced by the town all testified, on cross-examination, that they had had no experience whatever in buying and selling railroad property, and had no knowledge of the purchase or sale of railroad property, and knew nothing whatever of the value of railroad property as such. The mayor of the town also testified that the council estimated that the railroad property would make some 62 business lots and some 10 residence lots, and that they estimated the business lots to be worth $1,500 each, and the residence lots $1,000 each, and in this manner arrived at the valuation of the property. This manner of arriving at a valuation was, of course, entirely speculative. The town lies almost entirely south of the rail-

road right of way, and it is not shown that there is now or is likely to be any demand for the lots if the railroad property should be divided into lots; and, of course, it cannot be divided into lots so long as it is used for railroad property; and if the railroad were eliminated, there would probably ·be no demand for such lots.

The court below disregarded the testimony offered by defendant above set forth, as to the value of the railroad property, and considered, as the only tangible evidence of the value of the property, the showing that the railroad property was valued by the executive council at $30,128 per mile. The court then assumed that such valuation was about one fourth of the actual value of the property, thus estimating the actual value of the property at $120,512. Then the court calculated the total length of paving chargeable against the property of the company to be about three eighths of a mile, and that three eighths of the aforesaid amount would be about $45,200, as the actual value of the property against which the assessment could be made, and that 25 per cent of this would be $11,300. Upon these premises, and taking into consideration that some future benefit would accrue to the property, the court fixed the assessment at $20,000.

We cannot agree with the learned court that the testimony of these witnesses produced by the town should be given no consideration whatever, although we concede that it must be given little weight in arriving at the value of the property. In *Belknap v. City of Onawa*, 192 Iowa 1383, we said:

"The provision that the last preceding assessment roll shall be prima-facie evidence of value is, however, not controlling on this question. In the first place, it is to be observed that, by express provision of the statute, the last preceding assessment roll is only prima-facie evidence of the value of the property. * * * The statute, by its express terms, provides that 'such assessment shall not exceed 25 per centum of the actual value of the lot or tract *at the time of levy.*' As stated in the *Hansen* case [*Hansen v. City of Missouri Valley*, 178 Iowa 859], the value that is to be ascertained as the basis for settlement is the 'actual value,' and not the assessed, or possibly the market value, and such value, by the express terms of the statute, is to be ascertained 'at the time of the levy.' Under the provi-

sions of the statute, the time of levy of a special assessment is definitely and certainly fixed as being subsequent to the construction of the improvement.''

Without adopting the reasoning of the court below in arriving at the assessment made, of $20,000, but giving to the testimony offered on both sides such weight as we may, we think that the amount fixed by the court is a fair assessment of the railroad property. An approximately correct assessment of such property, or of any property, is the best result that can be attained. We think that the assessment made by the court is approximately correct. We find ourselves unable, under the testimony, to fix an assessment more accurate than the one arrived at by the court. We are disposed not to disturb the assessment made by the court below.

Criticism is made that the cost of the improvements involved in this case amounted to about $268,000, and that such cost is higher than the property of the town, including plaintiff's property, should bear, and is far in excess of any benefits that would accrue to the property. That may be a reasonably correct observation. It may be that the improvement has involved a greater expense than should be borne by this small town. But it is not for the court to say what improvements shall be constructed in any town. The legislature has given cities and towns authority to construct such improvements. In fact, country roads are being paved, making such roads substantially the same as the streets of cities and towns.

It is argued by counsel that the pavement can be of no substantial benefit to the property of the railroad company. Unquestionably, it is a benefit to the property in some degree. It affords greater convenience. The benefit to any kind of property to be derived from pavement of streets is not susceptible of accurate ascertainment. The most that can be said is that pavement of the streets affords convenience for people using the streets, and owners of abutting property. Small towns like Pomeroy could, of course, get along without paved streets. The cost of the improvement seems large, to be borne by a small town; but our legislature has authorized such improvements, and Pomeroy and other small towns, if their councils in their wisdom see fit, may indulge in such convenience.

. It is conceded by both parties that entering a personal judgment against the railroad company in the amount of the assessment fixed by the court was a mistake. Section 791-i, Code Supplement, 1913, provides for proceedings to recover against the railroad company, in the event that such company does not pay a special assessment, the provision being that the town may recover, or may enforce collection of the assessment if it is not paid. No judgment could properly be entered at the time for any amount, and said personal judgment is set aside.

Our conclusions result in confirming the assessment made by the court below and establishing an assessment against the property of the plaintiff company in the amount of $20,000.— *Affirmed on both appeals.*

PRESTON, C. J., WEAVER, EVANS, STEVENS, FAVILLE, and DE GRAFF, JJ., concur.