W. T. SMITH et al., Appellees, v. CITY OF MARSHALLTOWN, Appellant.

**MUNICIPAL CORPORATIONS:**   Public Improvements—Inequitable Assessments.   Evidence reviewed, and held to sustain the action of the court on appeal in reducing special assessments for sewer.

*Appeal from Marshall District Court.—B. F. CUMMINGS, Judge.*

JANUARY 15, 1924.

APPEAL by the city of Marshalltown, Iowa, from judgments reducing assessments made by the city council against certain lots in the district to pay cost of construction of a storm sewer. Seven cases were consolidated and tried together. Separate decrees were filed in each case, which decrees are substantially the same. Appeals are here presented as one case.—*Affirmed.*

*F. E. Northup* and *C. R. Edmister,* for appellant.

*J. M. Whitaker* and *G. A. Mote,* for appellees.

ARTHUR, C. J.—I. Center Street runs north and south, and divides the city into eastern and western portions. Main Street runs east and west, and divides the city into northern and southern parts. The storm sewer involved in this suit commences about a block and a half north of Main Street, and courses northwesterly until it intersects another storm sewer. North of Main Street, the ground slopes to the north. East of Center Street, the ground slopes to the east, so that the general slope is northeastwardly. In the year 1920, the district wherein the sewer in controversy is located, known as "Fourth Avenue Storm Sewer," was laid out, and the sewer constructed. When the total cost of construction of the sewer was ascertained, it was apportioned to certain lots, omitting other lots, within said district, according to the size of lots and parts of lots of said district burdened with the total cost of said sewer. The lots and parts of lots belonging to appellees are within the territory burdened with the cost of said sewer. The total area of the lots and portions of lots within that portion of the district to be assessed with the cost of said sewer having been ascertained, and the total cost having been divided by the number of square feet thus burdened, the cost per square foot was determined in that portion of the district burdened with the total cost of the sewer, and the assessment against each lot and parts of lots was determined by multiplying the number of square feet in each lot and part of lot by the common multiplier, the

cost per square foot, without regard to its location or proximity
to the sewer or proportion to the benefits. The figures thus ob-
tained by the engineer were adopted by the city council, and the
assessments complained of were thus determined. The balance
of the area of said district was not assessed with any part of the
cost of the sewer.

II.   Appellees claim that there is no special benefit con-
ferred on their properties by the construction of said sewer;
that the assessments made are not based on any special benefits
to the properties; and that the assessments far exceed any spe-
cial benefits, if any, to said properties. Other objections were
made below, and are urged here, which need not be considered,
as the property owners have not appealed from the assessments
made by the court. The assessments were levied in the usual
manner, and we find no irregularities in the proceedings which
would render the assessments illegal. The district court reduced
the assessments made by the city council, and made what the
court considered and found to be proper assessments.

III.   The court was authorized, on appeal from assessments
made by the city council, to determine the benefits bestowed
upon the properties by the improvement, and consider com-
plaints of overassessments, and determine, under the evidence
submitted, what assessments should be laid against the prop-
erties, to defray the expense of said improvement. Section 792-c,
Supplement to the Code, 1913; *Dickinson v. City of Waterloo,*
179 Iowa 946. Special assessments against property to defray
expenses of a public improvement shall not exceed the special
benefits to the property. Section 792-a, Code Supplement, 1913.
The assessments made by the court against the several properties
were considerably lower than the assessments of the city council.
The assessments made by the court were in amounts approxi-
mately one third of the assessments made by the city council.

We will not set forth the testimony in detail. It is suffi-
cient to observe from the record that the properties of appellees
are located upon high and dry ground, and that the sewer
courses from these properties on and through much lower levels;
that appellees' properties should bear the lesser burden of the
improvement, and the properties located on the lower levels, the
greater burden. The court, in the exercise of its authority,

undertook to and did make assessments against the several properties in accordance with special benefits bestowed upon the properties by the improvement, as shown by the evidence. We have carefully examined the evidence submitted by all parties, and find no reason to alter the assessments made by the court.

Results in affirmance of the several cases consolidated.—*Affirmed.*

EVANS, PRESTON, and FAVILLE, JJ., concur.