H. K. GRONBECH, Appellant, v. TOWN OF JEWELL JUNCTION, Appellee.

No. 40793.

NOVEMBER 17, 1931.

Lee, Steinberg & Walsh, for appellant.

O. R. Larson and Helsell, McCall & Dolliver, for appellee.

STEVENS, J.—Appellant is the owner of a tract of 49.5 acres in the southwest part of the town of Jewell Junction, lying immediately west of Main Street. The entire tract is used exclusively for agricultural purposes. It has never been platted into blocks and lots. Main Street runs north and south through said town and along the east side of appellant's property for a distance of approximately one-quarter of a mile. Primary Road No. 15 enters said town from the south and over Main Street. In 1929 the highway commission paved Main Street east of ap-

pellant's tract and appellee town paved a strip 5½ feet wide on each side of the paved highway making the total paving twenty-nine feet in width. A dirt road extends west from the northeast corner of appellant's tract along the north side thereof. The improvements are about 60 roads from Main Street and adjacent to the dirt road. The population of Jewell is 950. The testimony tends to show that it is an ordinarily prosperous community but possessing little need or demand for expansion. While there are but few vacant houses within the corporate limits of the town, there are many desirable vacant lots available for building purposes.

A total assessment of $609.35, or about $75 an acre, was laid upon the east 300 feet of the tract as appellant's share of the total cost of the improvement. The portion assessed is in two tracts, one containing 7.27 acres and the other .9 of an acre. They, however, are immediately adjacent and of the same general character. Appellant contends that this assessment is too high, and in excess of 25% of the fair value of the property. The assessed value of the entire tract for 1929 was approximately $112 per acre. This, under the statute, section 6021, Code, 1924, is prima facie evidence of the value thereof. Considerable testimony was introduced on both sides for the purpose of showing the fair market value of the property assessed. The witnesses on behalf of appellant placed the value at from $100 to $175 per acre after the improvement was constructed. These witnesses were of the opinion that the land was not benefited by the municipality's improvement. The witnesses, however, who testified for appellee fixed the value at from $350 to $400 per acre before the improvement and $450 per acre after the improvement was made. No doubt, the market value of appellant's land was increased by the total improvement. To what extent the paving laid by appellee gave additional value to the property is, of course, more or less a matter of conjecture. There is no perfectly accurate basis upon which added value in such cases may be determined. In fixing the value of property to be assessed, it must not be upon the basis that the use for agricultural purposes will be abandoned and the tract platted into blocks and lots. Toben v. Town of Manson, 193 Iowa 750; In re Appeal of Hahn, 197 Iowa 292. Nevertheless, it is proper for municipalities to take into consideration future prospects and reason-

360

able anticipations as to the future use and value of the property. Such benefits are not capable of immediate ascertainment or demonstration. In re Jefferson Street Sewer, 179 Iowa 975; Ill. Cent. R. R. Co. v. Inc. Town, 196 Iowa 504.

It is equally true that assessments should not be laid upon the basis of fictitious or fanciful estimates of value. It seems to us that the estimated value placed upon the property by appellee's witnesses is substantially too high. Purely agricultural lands no better situated and having no greater prospect of increased value because of the growth and expansion of the town do not have a fair and reasonable market value of $450.00 per acre after an improvement like the one in question has been made. It seems to us that $200.00 per acre, after the improvement has been made and full consideration given to future potentialities, would more nearly approximate the fair market value of appellant's tract. The assessment must not exceed 25% of the value of the property with the improvement added.

It is our conclusion that the assessment should be laid upon the basis of a valuation of $200.00 per acre, covering the aggregate amount of the land involved. The decree will be so modified, but in all other respects permitted to stand.—Modified and affirmed.

FAVILLE, C. J., and DE GRAFF, ALBERT and WAGNER, JJ., concur.