MARY J. CAMP v. THE CITY OF DAVENPORT, Appellant.

Municipal corporations: PUBLIC IMPROVEMENT: ASSESSMENTS: REVIEW ON APPEAL. Objections to a special assessment not raised below will not be considered on appeal: Nor will the propriety of the improvement be reviewed, in the absence of a charge of fraud.

Same: ASSESSMENT FOR BENEFITS. The statute providing that special assessments for a public improvement of a lot or tract of land shall be in proportion to the special benefits conferred upon the

property and not in excess of twenty-five percent of the actual value, has reference to the benefits accruing to specific lots or tracts, and the assessment can not exceed the specific benefits, nor can it exceed one-fourth of the value of the property assessed.

**Same:** REDUCTION OF ASSESSMENT ON APPEAL. Where there was evidence tending to show that no benefit was derived from a street improvement, and there was other evidence that the property was benefited though not fixing the extent of the benefit, it was error for the court on appeal to reduce the assessment fixed by the council.

**Same.** In the assessment of benefits for a public improvement the test is not necessarily whether the market value has been increased but whether the improvement has enhanced the actual value or worth of the property.

*Appeal from Scott District Court.*—HON. JAS. W. BOL-LINGER, Judge.

WEDNESDAY, MARCH 8, 1911.

DEFENDANT appeals from a decree reducing the assessments against plaintiff's lots. Subsequently the plaintiff appealed. *Reversed* on defendant's appeal.

*Sharon & Higgins* and *M. F. Donegan,* for appellant.

*W. M. Chamberlin,* for appellee.

LADD, J.—The city of Davenport by appropriate proceedings caused to be paved a portion of Third street extending from Iowa to Warren streets. The cost of this was $56,783.02, of which $17,689.76 was assessed against the Tri-City Railway Company, it having a double track in that street, and the remaining $39,025.26 was assessed against abutting property. A plat indicating the amount assessed against each lot having been filed, notice fixing the time for filing and hearing objections was published. The plaintiff herein owned the E. ½ of lot 8 and lot 7 in block

65 in Le Claire's Fourth addition to the city. Against these, the assessment was $557.76, and to this she interposed several objections, all of which were abandoned except the following:

(2) That under the statute of Iowa such special assessment should be in proportion to the special benefit conferred upon the property and not. in excess of such benefit, and she claims that her property is not benefited by such improvement, and therefore said assessment is null and void and of no legal force and effect as against her property.

(10) That the city of Davenport did not enhance the value of the property owned by said Mary J. Camp, for the reason that there was a good and sufficient paved street in front of said property at the time the present paving was ordered, and that there was no sewer in Third street, and a number of the aldermen of the said city of Davenport voted for said paving under the mistaken idea that the block between Iowa and Rock Island street was left out of said paving contract on account of there being no sewer in said Third street, knowing that said paving would not increase the value of said property until a proper and sufficient sewer was laid in said Third street.

No objection not then raised can be considered. *Marshalltown Light Co. v. Marshalltown,* 127 Iowa, 644; *Andre v. Burlington,* 141 Iowa, 65. Nor can the propriety or necessity of making the improvement, fraud not being charged, be the subject of review in this court. *Coates v. Dubuque,* 68 Iowa, 550; *Dewey v. Des Moines,* 101 Iowa, 416. But for this the tenth objection might be construed as putting this in issue. It is argumentative and evidently intended to aid the second by pointing out conditions.

1. MUNICIPAL CORPORATIONS: public improvement: assessments: review on appeal.

The second objection, while reciting that the law requires the entire cost to be distributed ratably and proportionately on all the abutting property, does not charge

that this was not done. · It does assert, however, that the
property was not benefited by the improve-

**2. SAME:** assessment of benefits. ment· and that for this reason the assessment
was void. This is first met by the conten-
tion of defendant: (1) That the resolution of the city
council ordering the improvement is conclusive that the
abutting property will be benefited thereby; and (2) that
an assessment can only be found excessive when this is
the result of not distributing the cost of the improvement
ratably. and proportionately as exacted by law. That there
are decisions sustaining these propositions is evidenced by
the brief filed. But section 792a, Code Supp. 1907, de-
clares that: "When any city or town council or board of
public works levies any special assessment for any public
improvement against any lot or tract of land, such special
assessment shall be in proportion to the special benefits
conferred upon the property thereby and not in excess of
such benefits. Such assessment shall not exceed twenty-five
percentum of the actual value of the lot or tract at the
time of levy, and the last preceding assessment roll shall
be taken as *prima facie* evidence of such value." It is
clear from the language of this statute that it has refer-
ence to the benefits accruing to specific lots or tracts, and
that·the assessment not only may not exceed such specific
benefits, but can not exceed one-fourth of the value of the
property assessed. Presumably the improvement will be
of benefit to all· abutting property, but a situation can
readily be imagined, where, though enhancing the value
of most abutting property, it might confer no benefit on a
particular parcel of ground. ·

In the objection under consideration there is no in-
timation that the assessment is merely excessive, nor is
there a suggestion that it·should be reduced.

**3. SAME:** reduction of assessment on appeal. Whether the objection is broad enough to
include a contention that it was excessive,
and· under the allegation of being void it might be re-

duced, is not material, for the evidence was such as to preclude any halfway conclusion. On the one hand, witnesses testified that the property derived no benefit from the improvement, and, on the other, merely that it was benefited thereby without stating the amount. Notwithstanding this state of the record, the trial court cut the amount of the assessment as determined by the city council in two and allowed one-half to stand against the property. Though there was considerable opinion evidence that the lots derived no benefit from the improvement, it is not persuasive in the light of the established facts. Second street is the main business street of the city, and Third street is one block north of and parallel with it. Brady is the principal intersecting street devoted to business and runs north and south. Perry street is the next east of this, and then Rock Island and Iowa streets in the order named. The plaintiff's property has a ninety-six foot frontage on Third street, between Rock Island and Iowa streets. The location appears to be just outside of the retail district, but very close to it, as there is a large retail grocery at the corner of Third and Rock Island streets. On plaintiff's lots there is a one-story brick livery barn, a small brick blacksmith shop, and an old one and one-half story dwelling. The locality seems to be too near the business center for dwelling-house purposes and too far for large business blocks or buildings and values, while depending somewhat on suitability for the purposes mentioned and for coal offices, barber shops, and the like, are undoubtedly influenced by proximity to the business district and the possibility, not to say probability, of being required for the larger enterprises of an expanding city. This explains the estimates of the several witnesses that the market value of the property is from $8,000 to $10,000. One witness testified that such market value was between $9,000 and $10,000 both before and after the street was paved. This might have been so, and yet the benefit have

been equal to the assessment. Others gave similar testimony, but added that the market value was the same or had not increased because of the paving. It may be that the evidence can be explained on the theory that the witnesses were speaking of present market value, and, as there does not appear to have been any demand for the property, there was no change.

The test is not necessarily whether the market value has been increased, but whether the improvement has enhanced the actual value or worth of the property. *Minneapolis & St. L. Ry. v. Linquist,* 119 Iowa, 146; *Stutsman v. Burlington,* 127 Iowa, 566; *Hunt v. Rahway,* 39 N. J. Law, 648; *Reed v. City of Cedar Rapids,* 137 Iowa, 107. See *Rolph v. Fargo,* 7 N. D. 640 (76 N. W. 242, 42 L. R. A. 646).

4. SAME.

The evidence discloses that this street had been paved eighteen years previous. There was no foundation other than of sand in which ordinary brick were laid flat and then on these paving brick. The evidence is conclusive that this pavement was uneven with elevations and depressions, especially where taken up in order to lay pipes, and when removed in order to lay the pavement in controversy "the under course of brick was kind of crumbled away, broken, deteriorated."

That replacing such a pavement with asphalt on a concrete foundation was a benefit to abutting property is manifest to anyone having the slightest knowledge of the subject, and defendant's witnesses so testified.

The record contains no evidence bearing on the extent of the actual benefit conferred, and, this being so, that determined by the city council should be allowed to stand.

*Reversed* on defendant's appeal.