CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellee, v. CITY OF CENTERVILLE, IOWA, Appellant.

**MUNICIPAL CORPORATIONS:** Paving—Legislative Act in Ordering—Review by Courts—Non-Assessment—Over-Assessment. The act of a city in ordering the paving of a street and the assessment of the cost on abutting property is a *legislative determination* (a) that the improvement is expedient and proper and (b) that the abutting property will be benefited. Courts do not review legislative acts performed in a regular and statutory way. It follows that the cry of over-assessment will be entertained by the court,—not a denial of any assessment. (Code Sup., 1907, Sec. 791-i.)

**MUNICIPAL CORPORATIONS:** Special Improvements—Assessment of Benefits—How Determined—Viewing Premises Apart

from **Present Use.** In determining the proper assessment of land for paving and other special improvements, the eyes of the law do not view and judge of the property from the standpoint of its present use only, but likewise view and judge it simply as real estate, apart from its present use. Benefits capable of instant demonstration and mathematical accuracy are not necessary in order to support an assessment. So *held* in case of a railway right of way.

**MUNICIPAL CORPORATIONS:** Special Improvements—Benefits—
3 Presumptions—Assessments. Assuming, *arguendo,* that one has the right to show that his property is not benefited at all by the paving of an abutting street, yet he has the burden of proof to overcome two presumptions, to wit: (a) that all property derives some benefit from the improvement of an abutting street and (b) that the assessment by the municipal authorities is correct.

**MUNICIPAL CORPORATIONS:** Special Improvements—Assess-
4 ments—Objections—Waiver. Errors, irregularities and inequalities in the making of special assessments or in proceedings prior thereto, not raised by proper objection before the city council, are waived. So held where there was a failure to object (a) to the amount of the assessment and (b) to the fact that the street had been purposely widened a few inches in order to clear the way for an assessment against a railway right of way.

*Appeal from Appanoose District Court.*—HON. D. M. ANDERSON, Judge.

FRIDAY, JUNE 18, 1915.

REHEARING DENIED MONDAY, NOVEMBER 1, 1915.

The opinion states the case.—*Reversed.*

*J. M. Wilson* and *H. S. Greenleaf,* for appellant.

*F. W. Sargeant, R. J. Bannister* and *C. R. Porter,* for appellee.

WEAVER, J.—The city council of Centerville, having caused certain of its streets to be paved, assessed the cost of the improvement upon the abutting property, including certain property belonging to the plaintiff. When the council met for the purpose of hearing objections to the assessments,

the plaintiff appeared and denied that its property was liable to bear any part of the expense. Numerous grounds are assigned for this objection, but only the following are insisted upon:

1. That, as proposition of law, no special benefits accrue to a railway company from the paving of a street abutting on or adjoining its right of way; and

2. That, as a proposition of fact, plaintiff's property was in no manner benefited by the paving of South Eighteenth Street of the defendant city.

The objections were overruled by the city council, and plaintiff appealed to the district court. The assessment complained of was levied in two items, one upon certain city lots owned by the plaintiff, and the other upon the railway yard and right of way abutting upon the street. On the trial below, the parties agreed to a reduction of the amount levied upon the city lots, and that item need not be further considered. Concerning the other item, the court found for the company, sustained its objection to the assessment laid upon its yards or right of way, and the defendant appeals.

Whether, in the absence of any statute therefor, a city may impose a special assessment upon a railroad right of way for the cost of street improvements is a question upon which the courts of the several states have not been agreed. That some have held to the full extent of the appellee's contention in this case may be conceded. It may also be conceded that a majority of this court, at one time, approved the doctrine of those precedents. (See *Chicago, R. I. & P. R. Co. v. Ottumwa,* 112 Iowa 300, 306.) But the soundness or unsoundness of that theory is no longer of moment in this state; for, by statute of more recent enactment, it has been expressly provided that the right of way of any railroad company fronting or abutting upon a street of any city or town shall be subject to special assessment for street improvements, and that such assessment shall constitute a debt of the company, recoverable in an action brought for that purpose. Code Sup. 1907, Sec. 791-i.

Of the validity of the statute, no question is here raised. The general liability of railway property so situated to be assessed for the cost of street improvements must, therefore, be taken for granted in disposing of the case before us, and the sole question to be decided is whether,. under the proved and conceded facts, the court should hold that the appellee's property is in no manner benefited by this particular improvement.

I. Speaking generally, there is a fair presumption that all real estate receives some degree of benefit from the permanent improvement of a street upon which it abuts.   It is upon such presumption that the whole system

1. MUNICIPAL
.CORPORATIONS:
legislative act
in ordering:
review by
courts: non-
assessment.

of special assessments for local improvements is justified and sustained.   Acting upon such presumption, city councils have been clothed with a certain degree of legislative power to determine when it is expedient and proper to pave any given street or streets, and to provide, within certain limitations, how the cost thereof shall be defrayed.   This discretion includes the authority to assess such cost upon the abutting property, in proportion to the benefits accruing to such property.  It follows, we think, that the order of the city council, acting in accordance with the statute for the paving of the street and assessment of the cost upon abutting property, is not subject to control or interference by the courts; and (still assuming that the provisions of the statute have otherwise been observed) the question to be considered, upon an appeal from the assessment made, is whether the burden has been distributed or apportioned upon the several items of abutting property with due reference to the benefits they derive from the improvement.   In other words, the action of the council, in ordering the pavement and providing that the cost shall be assessed upon the abutting property, is a legislative determination that the improvement is expedient and proper and that the property abutting upon the improvement will be benefited thereby; and such determination cannot be set

aside or overruled in a judicial proceeding. This is not inconsistent with the right of the property owner to question and have determined the regularity of the procedure by the council and the equality of the assessment. In other words, while the owner of abutting property may object that it has been over-assessed, he cannot, if the proceedings have otherwise been regular, be heard to say that it is not liable to be assessed at all. *Northern Pac. R. Co. v. Seattle*, 91 Pac. 244, and other authorities there cited. See also *Spencer v. Merchant*, 125 U. S. 345; *Paulsen v. Portland*, 149 U. S. 30.

But even though it were competent for the appellee to allege and prove that its property receives no benefit from the street improvement, we are clearly of the opinion that the record fails to sustain its position in that respect.

2. MUNICIPAL CORPORATIONS: special improvements: assessments of benefits: how determined: viewing premises apart from present use.

It owns a right of way 100 feet in depth and over 800 feet in length, bordering upon the paving improvement. In support of its denial of all benefits by reason of this work, it points first to the fact that its railway at this point lies somewhat to the south of the business center of the city and of the greater part of the urban population. It then notes with special emphasis that the right of way is devoted solely to the business of operating a railroad—a business to which the paving will not add anything of value or material convenience—and then argues generally from the surrounding circumstances that neither the railroad as such nor the company owning it can reap any tangible advantage or profit from such improvement; and, under the law, no assessment for the expense thereof can be imposed upon the right of way. The argument proceeds upon a mistaken conception of the effect of the statute which provides for assessments in proportion to benefits. It certainly does not mean that, before such an assessment can be levied and enforced, the city must be able to show that, by reason of the paving, the abutting property has been advanced in market value to the extent of the assessment, or point out in de-

tail the specific way and manner in which the requisite benefits are to be realized in the future. Were such to be the rule, few, if any, schemes of local improvement at the expense of the property immediately affected could ever be accomplished. It is natural for the average property owner to resent the burden thus laid upon him, and he easily-persuades himself that the thing for which he is asked to pay is a detriment, rather than a benefit, to his land; and ordinarily it is not difficult for him to find plenty of sympathizing neighbors who will unite in supporting his contention. Indeed, the benefits to be derived in such cases are ordinarily not instant upon the inception or completion of the improvement, but materialize with the developments of the future. They are none the less benefits because their full fruition is postponed, or because the present use to which the property is devoted is not of a character to be materially affected by the improvement. To this general effect is our holding in *Bell v. Burlington,* 154 Iowa 614; *Camp v. Davenport,* 151 Iowa 33, and cases there cited. The same question of benefits to a railroad right of way from a street improvement was considered by the Supreme Court of the United States, in *Louisville & N. R. Co. v. Barber,* 197 U. S. 430, 433, where Mr. Justice Holmes, speaking for the court says:

"The foundation of this familiar form of taxation is a question of theory. The amount of benefit which an improvement will confer upon particular land—indeed whether it is a benefit at all—is a matter of forecast and estimate. In its general aspects, at least, it is peculiarly a thing to be decided by those who make the law."

Further speaking to the point upon which the appellee here relies,—that, because the land is occupied for railroad purposes and presumably will continue to be so occupied, the benefit, if any, which the land might otherwise derive from the improvement affords no ground for assessing against it any part of the cost,—the court says:

"That, apart from the specific use to which the land is devoted . . . in a good-sized city [it] generally will get a benefit from having the streets about it paved, and that this benefit generally will be more than the cost, are propositions which . . . a legislature is warranted in adopting. But, if so, we are of the opinion that the legislature is warranted in going one step further and saying that, on the question of benefit or no benefit, the land shall be considered simply in its general relations, and apart from its particular use. . . . On the question of benefits, the present use is simply a prognostic, and the plea a prophecy. If an occupant could not escape by professing his desire for solitude and silence, the legislature may make a similar desire fortified by structures equally ineffective. It may say that it is enough that the land could be turned to purposes for which the paving would increase its value. Indeed, it is apparent that the prophecy in the answer cannot be regarded as absolute, even while the present use of the land continues; for no one can say that changes might not make a station desirable at this point, in which case the advantages of a paved street could not be denied."

Upon no other theory can we justify the familiar decisions by which lands of churches and schools, which are expressly exempted from the burdens of general taxation, are still held liable for the payment of special assessments. A church or school building is ordinarily a permanent structure. It is not held for profit, and any increase in the market value of the ground upon which it stands is, for the time being, a merely nominal asset, which brings to its owner no increased income or other tangible benefit. For all practical purposes, in most instances, the present use to which the property is dedicated may be enjoyed just as advantageously without the pavement as with it; and, if the appellee's theory of the law is correct, no assessment should be levied against it. But the contrary rule is too well established to be now questioned.

The law which permits such expenses to be laid upon all abutting property in proportion to benefits does not limit its inquiry merely to the land as related to its present use; but while not disregarding such use, it does not overlook its general relations "apart from its particular use". In the instant case, the appellee owns a right of way one hundred feet in depth and eight hundred fifty feet in length, bordering on the street. It is within the platted portion of the corporate territory of a city of from 7,000 to 9,000 inhabitants. It is occupied and used by the appellee for railway purposes and is within convenient distance of other railways. The paving of the street obviously improves its usefulness and convenience as a means of travel and transportation in that immediate neighborhood and facilitates approach and access to appellee's station and warehouses from the south. When the right of way is thus considered in the light of the rule laid down by the Federal court, there is no more reason for holding it exempt from assessment than there is for exempting the property abutting on the other side of the street, which has presumably been charged with the payment of one half the expense of the paving. Says the Ohio court:

"If railroad tracks are taxable for general purposes, it is difficult to perceive why they should not be subject also to special taxes or assessments. The company, to advance its own interests, has seen fit to appropriate to its use ground within the corporate limits of the city of Toledo, and over which that city had the power of making assessments to defray the expense of local improvements, and why should not the company be held to have taken it *cum onere?* A citizen would scarcely claim exemption because he had devoted his lot to uses which the improvement could not in any way advance, and we see no good reason why a railroad company should be permitted to do so." *Northern Indiana R. Co. v. Connelly,* 10 Ohio St. 159, 164.

It is true that the Wisconsin court, at one time, said (a dictum, perhaps) that, as a matter of law, a railway company's right of way is not benefited by improvements upon abutting streets (*Chicago, M. & St. P. R. Co. v. Milwaukee,* 89 Wis. 506); yet, in a later case, such holding was expressly overruled, and a statute substantially like our own was upheld. *Chicago, M. & St. P. R. Co. v. Milwaukee* (Wis.), 133 N. W. 1120. In so doing, the court there adds:

"Such legislation is in accord with the result of many well-considered cases, and is in harmony with the rule approved by the Supreme Court of the United States that, on the question of benefits or no benefits, the land shall be considered simply in its general relations and apart from its particular use."

If it be considered as a matter open to judicial inquiry whether appellee's property received any benefits at all, we think, in view of the presumption to which we have referred, that all abutting property derives some degree of benefit from the improvement of an abutting street, and in further view of the prima-facie correctness of the assessment by the council, that the burden of negativing such benefit is upon the company, and we have no hesitation in holding that the evidence is insufficient to satisfy or remove that burden. The appellee's testimony was chiefly by engineers and railway employees and directed first to mapping and describing the outlines and topography of the right of way and the manner in which it is occupied by the tracks and to the expression of an opinion by the witnesses that the street paving added nothing to the convenience or value of the railroad or of the business thereof. This, it will be seen, in view of the law as we here hold it to be, is entirely too narrow a basis of fact on which to base the conclusion that the property received no benefits of any kind within the meaning of the statute authorizing an assessment of the cost of paving against

3. Municipal Corporations: special improvements: benefits: presumptions: assessments.

abutting property. Indeed, had these witnesses assumed to testify baldly that the property in none of its relations, apart from its particular use as a right of way, was in any manner benefited, we should feel impelled to say that, upon the conceded facts, such opinion would be so contrary to common knowledge and universal observation as to be entitled to little weight.

II. Though no such objection was filed or presented before the council, there was evidence brought out on the trial to the effect that the city had widened South Eighteenth Street, under circumstances justifying the conclusion, or inference, that it was done for the purpose of making the street abut upon the appellee's right of way, and thereby exposing it to assessment for the street improvement.

4. MUNICIPAL CORPORATIONS: special improvements: assessments: objections: waiver.

The fact seems to be that the right of way, as laid through the land immediately south and west of South Eighteenth Street, left a narrow strip or wedge-shaped remnant between such right of way and the public way. This wedge was about two feet in width at the widest, and tapered to a point at the other extremity. Before the paving in question was ordered, the owners of the parcel of land thus described conveyed it to the city for a nominal consideration, and the city council, by appropriate action, enlarged the width of the street to include it. This is called to our attention in argument as affording a reason for refusing to sustain the validity of the assessment. As we have already said, no such point was made before the council, and it is not available here. Moreover, the motive for widening the street—which was confessedly within the authority of the council—is not open to question in this proceeding. Indeed, if it were admitted that such action was taken with an express purpose of removing the obstruction which this narrow strip of land afforded to the effective exercise of the council's authority to make a special assessment on that side of the street, we see no reason to question its perfect propriety.

It is further suggested for the appellee that the assessment is in excess of the actual value of the fraction of the railroad right of way and is therefore invalid under the statute, Code Sup., 1907, Sec. 792-a. This point was not included in the objections presented to the city council and is, therefore, outside of the scope of our inquiry upon this appeal. The objection which was in fact there made under the cited statute was expressly confined to the assessment made upon the city lots owned by plaintiff, and not to the assessment upon the right of way and, that item having been disposed of by agreement of the parties, pending the trial, the question sought to be raised in argument cannot be considered.

The record disclosing no ground upon which the vacation of the assessment can be sustained, the decree of the district court is reversed and the cause remanded for a decree in accordance with this opinion.—*Reversed.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.

## SUPPLEMENTAL OPINION.

PER CURIAM: In a petition for rehearing, the plaintiff, among other things, calls our attention to the fact that defendant's counsel in argument concedes that a fraction of the expense of paving a certain street intersection was improperly assessed against plaintiff's right of way, and that the assessment should be reduced by the amount of such excess, which is said to be about $115.00. This item received only very meager mention in the record and argument, and we failed to take it into account in announcing our decision. The opinion heretofore filed will, therefore, be modified by reducing the special assessment upon plaintiff's right of way from $3,554.71 to $3,439.71, as of the date when the levy was made. The taxation of costs will also be modified by requiring the appellant to pay five dollars of the taxed costs of printing. We find no reason for otherwise changing the views expressed by us upon the original submission and, with the modification

above ordered, the opinion will stand and the petition for re-hearing will be—*Overruled.*