BARBARA DICKINSON, Appellee, v. CITY OF WATERLOO, Appellant.

MUNICIPAL CORPORATIONS: Public Improvements—Legislative Act in Ordering—Review by Courts. The legislative act of a city in *ordering* a sewer raises a conclusive presumption that the property within the legal zone of the improvement will, *in some degree*, be benefited. It follows that the court will lend

ear. to the complaint of overassessment—not to a denial of *any* assessment.

*Appeal from Black Hawk District Court.*—George W. Dunham, Judge.

Friday, April 6, 1917.

In the district court, this was an appeal by the plaintiff from an order of the city council of Waterloo, assessing against her property a part of the cost of a·certain sewer. She denied. liability for any part of such cost, on the ground that she received no benefit therefrom. Her contention was sustained in the district court, and a cancellation of the assessment was ordered. From such decree. of the district court, the defendant city has appealed.—*Reversed and Remanded.*

*Alfred W. Mullan,* for appellant.

*Mears & Lovejoy,* for appellee.

Evans, J.—The plaintiff is the owner of

MUNICIPAL
CORPORATIONS:
public im-
provements:
legislative act
in. ordering:
review by
courts.

a certain residence property in the city of Waterloo, which is fully improved as such, and is of the value of about $9,000. Its dimensions are 60 feet by 140 feet. It abuts upon Fourth Street for its width of 60 feet, and the dwelling thereon ·fronts upon such Fourth Street. Its lateral dimension of 140 feet fronts upon Baird Street. The sewer involved herein was constructed along Baird Street. The contention for plaintiff is that she had complete sewer facilities on Fourth Street, and that the sewer upon Baird Street could, therefore, be of no service to her, and it would, for the same reason, be of no benefit to the property. It appears that, some years prior, a main sewer had been constructed .along Fourth Street, and plaintiff's dwelling was duly connected therewith. There was also a main sewer upon Fifth Street, which ran parallel with

Fourth Street. The Baird Street sewer connected these two sewers. It was both a sanitary and a storm sewer. Baird Street was a residence street. Though plaintiff's residence did not front upon it, other residences did. It was about to be paved, and was thereafter paved. The sewer was laid in advance of the paving. The plaintiff's dwelling house occupied the front 70 or 80 feet of her lot. Upon the rear of her lot, she had built a valuable garage. Whether this garage was connected with any other sewer system does not appear. The case was tried for the plaintiff on the general theory that the use or adaptability of the property was fixed, and that the plaintiff contemplated no changes therein, and that no advantageous change in the use of the property was probable. Upon this hypothesis, a number of witnesses testified on behalf of the plaintiff that the property was not benefited, and that its value was in no manner increased thereby. This was the theory adopted by the trial court, and the assessment was cancelled *in toto*. The amount of such original assessment was $125. The finding of the court was based upon the construction of Section 792-a, Code Supplement, 1913. The theory adopted by the trial court runs counter to our holding in the recent case of *Chicago, R. I. & P. R. Co. v. City of Centerville*, 172 Iowa 444. See also *In re Jefferson Street Sewer*, 179 Iowa 975. The cited case was decided since the trial of the case at bar. Our holding in that case is quite conclusive of the case before us. Following our holding therein, the order of cancellation entered by the trial court must be reversed.—*Reversed and Remanded.*

GAYNOR, C. J., WEAVER and PRESTON, JJ., concur.