JOHN TJADEN, Appellant, v. TOWN OF WELLSBURG, Appellee.

**MUNICIPAL CORPORATIONS:** Public Improvements—Objections to
1 Jurisdiction—Waiver. A property owner may not, for the first
time, on appeal to the Supreme Court from an assessment for street
improvements, present the objection that the city council never
acquired *jurisdiction* to construct the improvement.

**MUNICIPAL CORPORATIONS:** Public Improvements—Assessments—
2 Present Use of Property. Principle reaffirmed that the amount of
assessment for benefits arising from street improvements is not
of necessity limited by the present use to which the owner devotes
the property.

*Appeal from Grundy District Court.*—H. B. BOIES, Judge.

MAY 13, 1924.

APPEAL from an assessment for benefits for the construction
of a sewer.—*Affirmed.*

*Peisen & Soper* and *Rogers & Ruppelt,* for appellant.

*Pickett, Swisher & Farwell* and *Willoughby, Strack & Sie-
verding,* for appellee.

FAVILLE, J.—I. Appellant owns a tract of about 140 acres
of land, lying within the corporate limits and adjoining the
platted portion of the town of Wellsburg. About 20 acres thereof
have been platted; the remaining portion is used
only for farming purposes. The sewer traverses
a portion of said property.

1. MUNICIPAL
CORPORATIONS:
public improve-
ments: objections
to jurisdiction:
waiver.

The first question for our consideration in-
volves the jurisdiction of the council to levy any assessment
whatever against appellant's property.

It is contended that the proper preliminary steps, partic-
ularly as to the resolution of necessity and notice thereof, were
not taken by the town council. This action is on a statutory
appeal from the assessment of benefits.

Appellant filed written objections to the assessment before
the town council, and appealed from the action of the town
council to the district court, as provided by Section 824 *et seq.*

of the Code. In the district court, appellant filed a petition in which he incorporated the objections filed before the town council, and prayed that the assessment against his property be fixed at an amount not in excess of 25 per cent of the actual value of the property, and in accordance with the actual benefits received. The objections now urged to the jurisdiction of the town council to act in the matter were not in any manner incorporated in the objections filed with the town council, nor were they in any manner presented to the district court. It is, however, insisted by appellant that, inasmuch as these objections now urged are jurisdictional, they can be raised for the first time on appeal to this court.

We think such cannot be the true rule. We have recognized two methods by which the validity of an assessment of this character may be tested. One remedy is by objections before the council, as provided by Code Section 824, with the right of appeal therefrom, under Code Section 839. Said Section 824 is as follows:

"All objections to errors, irregularities or inequalities in the making of said special assessments, or in any of the prior proceedings or notices, not made before the council at the time and in the manner herein provided for, shall be waived except where fraud is shown."

This provides the general, usual, and ordinary method of raising "all objections" to the assessment or to any of the prior proceedings or notices, with the single exception where fraud is shown. The statutory method provided is very broad and inclusive.

The other method, that of attacking an assessment by suit for injunctive relief, where fraud is shown, or where it is established that the proceedings are wholly and absolutely void, has also been recognized. The respective remedies, and when they are available to the taxpayer, are discussed in *Owens v. City of Marion*, 127 Iowa 469; *Clifton Land Co. v. City of Des Moines*, 144 Iowa 625; *Durst v. City of Des Moines*, 164 Iowa 82; *Ellyson v. City of Des Moines*, 179 Iowa 882; *Manning v. City of Ames*, 192 Iowa 998.

In this case, appellant, and we think properly so, pursued the statutory remedy. He filed his objections before the town

council. He appealed from its action to the district court. On appeal to this court, he now asserts other, different, and additional objections, not in the case before. Appellant contends that we should now consider them because they are *jurisdictional,* referring to the sufficiency of the resolution of necessity, the notice thereof, and similar matters. We are constrained to the view that all the matters now so urged by appellant could and should properly have been embraced within the objections filed before the town council. In any event, we are confirmed in the opinion that they cannot now be raised for the first time upon appeal in this court. To permit appellant to mend his hold and present objections in this court in such a proceeding that were not previously urged, would defeat the plain and express provisions of the statute; and lead to confusion and possible abuse in actions of this character that would be intolerable. Appellant had adopted the proper method of procedure, as provided by statute; and, conceding that liberality should be allowed in construing objections filed before the council, we cannot extend that liberality to the extent of incorporating into the objections, upon hearing before this court, entirely new objections, not inhering in those filed before the town council, and not before it or the trial court. The fact that such objections are said to be "jurisdictional" does not give us authority to consider them in this proceeding when first presented on appeal, any more than we would be authorized to consider on an appeal in an injunction suit new grounds therefor that were first urged in this court, and not embraced within the issues of the case. Our statute forbids this to be done. *Camp v. City of Davenport,* 151 Iowa 33; *Andre v. City of Burlington,* 141 Iowa 65; *Clifton Land Co. v. City of Des Moines,* 144 Iowa 625; *Collins v. City of Keokuk,* 147 Iowa 233; *Chicago, R. I. & P. R. Co. v. City of Centerville,* 172 Iowa 444; *Hansen v. City of Missouri Valley,* 178 Iowa 859; *Manning v. City of Ames,* supra. See, also, *Russell v. Chicago, M. & St. P. R. Co.,* 195 Iowa 993.

II. Appellant insists that the assessment is in excess of 25 per cent of the actual value of the land against which the assessment is levied.

The testimony is conflicting, and, as is usual in cases where opinion evidence as to values is relied on, covers a wide range.

No useful purpose would be served by setting out this conflict-ing evidence. We are of the opinion, from an examination of the record, that there is no sufficient showing that the assessment exceeds 25 per cent of the actual value of the property, and that the court did not err in denying appellant relief on this ground.

III. Appellant contends that the assessment is in excess of the benefits to appellant's property.

Code Supplement, 1913, Section 792-a, provides:

2. MUNICIPAL CORPORATIONS: public improve-ments: assess-ments: present use of property. "When any city or town council or board of public works levies any special assessment for any public improvement against any lot or tract of land, such special assessment shall be in proportion to the special benefits conferred upon the property thereby and not in excess of such benefits."

This statute expressly provides that the assessment for benefits cannot be in excess of such benefits. The rule has been frequently recognized. The burden rested upon appellant to overcome the presumption of the correctness of the assessment as made.

The trial court modified the assessment, which was orig-inally spread on the entire tract of 140 acres, and confined it to a certain specified area, being limited to a depth of approxi-mately 300 feet for abutting property, and including 24.1 acres.

It appears that, by agreement between the appellant and the town council, the original plan of construction was modified, and a portion of the sewer carried down the line of a draw on appellant's premises. Appellant is, however, in no situation to complain of this.

The town of Wellsburg has existed for about 41 years. It has a population of about 400, and has not materially increased in recent years. The evidence shows that there were originally 340 lots in the town, of which number, 170 are still vacant. It also appears that there have been four additions platted and added to the town. As we understand it, three of these addi-tions have been platted upon that portion of appellant's orig-inal farm lying nearest to the built-up portion of the town. There are many unsold lots in the four additions. The evi-dence tends to show that there are many expensive residences in the town. It is a substantial and prosperous community. A

portion of appellant's lands slopes to the south and east, away from the built-up portion of the town.

It is contended that part of appellant's land is so situated that the sewer could not be used where ordinary basements or cellars would be constructed. It is also insisted that the sewer would, in any event, not now be available for appellant's property, because there is no water main so located as to make it possible to operate the sewer at this time.

The amount of assessment for benefits is not of necessity limited by the present use to which the owner devotes the property. Future prospects and reasonable anticipations may be considered in determining the question. *Chicago & N. W. R. Co. v. Board of Supervisors,* 182 Iowa 60; *Des Moines City R. Co. v. City of Des Moines,* 183 Iowa 1261; *In re Appeal of Hahn,* 197 Iowa 292.

The matters above referred to and others as shown by the evidence are proper for consideration in determining whether the assessment is in excess of benefits. Approximately 24 acres of appellant's land are involved in the assessment. The total amount assessed against it is $4,452.50. The area subject to assessment under the decree of the court lies adjacent to tracts that appellant has already platted into town lots. In a general way, it is similarly situated.

We are impressed with the contention of appellant that the prospect for the use of the sewer for the purposes of appellant's property is rather remote than immediate. Nevertheless, the land does receive a substantial benefit by the location and construction of the sewer. It is exceedingly difficult to arrive at an assessment in such a case that shall be accurate and just. Approximation is all that can reasonably be expected. From an examination of the record in the case, we are unable to arrive at any conclusion substantially different from that of the district court. If we were to attempt to reduce the amount of the assessment, we do not find in the record any sufficient data that would furnish us an unerring guide as to the true amount at which the assessment should be fixed. We do not find that appellant's

property is assessed out of proportion to other property in the town, or to a greater extent than it should ratably bear.

It follows that the decree appealed from is—*Affirmed.*

Arthur, C. J., Evans and Preston, JJ., concur.