I. S. FINKLE, Appellee, v. CITY OF MARSHALLTOWN, Appellant.

APRIL 3, 1928.

*F. E. Northup* and *Robert A. Rockhill*, for appellant.

*F. L. Meeker* and *C. H. Van Law*, for appellee.

WAGNER, J.—In 1924, the council of the city of Marshalltown legally inaugurated procedure for the paving of two streets within the corporate limits of said city, to wit, May Street and South Third Avenue. Third Avenue runs north and south, and May Street, intersecting it, runs east and west. The improvement of said two streets was done under one contract. The plaintiff is the owner of a considerable portion of real estate abutting upon said two streets. He filed objections with the city clerk and council to the proposed assessment upon 17 tracts of real estate owned by him. Obtaining no relief from the city council, he appealed to the district court. Thereafter, his appeal as affecting 12 tracts of said real estate was dismissed, and trial was had as to the remaining 5 tracts.

The only questions involved herein are as to whether or not the said 5 tracts, or any of them, have been assessed for said improvement in excess of 25 per cent of the actual value thereof, and in excess of the benefits conferred thereon.

Tracts Nos. 1, 2, 3, and 4 abut upon May Street, and Tract 16 upon Third Avenue. Tract No. 1 lies to the south of May Street, and is 350 feet east and west, and 165 feet north and south,—with the exception of a triangular piece out of the northwest corner thereof, the southerly line of said triangular piece commencing 113.25 feet north of the southwest corner, and running a distance of 213.33 feet to a point 143 feet west of the northeast corner thereof. Tract No. 2 is approximately 180 feet square, and lies on the opposite side of May Street, directly north of Tract No. 1. Tracts 3 and 4 adjoin each other, are each 60 feet east and west, by 120 feet north and south, abut upon the north side of May Street, and are about two blocks east of Tracts Nos. 1 and 2. Tract No. 16 abuts upon the west side of South Third Avenue, is 300 feet north and south, and covers more than an acre in area. Because of reductions made in the assessments upon the various tracts by the trial court, the defendant city has appealed.

The statutory law controlling in this case is Section 6021 of the Code of 1924, which provides:

"When any city council levies any special assessment for any public improvement against any lot, such special assessment shall be in proportion to the special benefits conferred upon the property thereby and not in excess of such benefits. Such as-

sessment shall not exceed twenty-five per cent of the actual value of the lot at the time of levy, and the last preceding assessment roll shall be taken as prima-facie evidence of such value.''.

The presumption is that the assessment as made by the council is correct, and the burden rests upon the appellant to overcome the presumption that the assessment is in proportion to benefits. *Tjaden v. Town of Wellsburg*, 197 Iowa 1292; *Curtis v. Town of Dunlap*, 202 Iowa 588; *Chicago, R. I. & P. R. Co. v. Town of Reinbeck*, 201 Iowa 126; *In re Resurfacing Fourth Street*, 203 Iowa 298; *Dickinson v. Incorporated Town of Guthrie Center*, 185 Iowa 541.

This court is committed to the doctrine that it is not necessary that the special benefits conferred be reflected in the immediate enhancement of the market value of the property, and that future prospects and reasonable anticipations may be considered in determining the amount of the assessment. In *Curtis v. Town of Dunlap*, supra, we said:

''The immediate increase in reasonable market value resulting from the improvement is not, however, determinative of the special benefits received.''

In *In re Appeal of Hume*, 202 Iowa 969, we said:

''It is not necessary that the special benefits conferred be reflected in an immediate enhancement of market value.''

In *Diesing v. City of Marshalltown*, 199 Iowa 1270, we said:

''It is also a firmly established doctrine that it is not alone present or immediate benefits or enhancement of the value of property that are to be taken into consideration in arriving at the benefit to be derived from a permanent public improvement.''

In *Chicago, R. I. & P. R. Co. v. City of Centerville*, 172 Iowa 444, we said:

''It certainly does not mean that, before such an assessment can be levied and enforced, the city must be able to show that, by reason of the paving, the abutting property has been advanced in market value to the extent of the assessment, or point out in detail the specific way and manner in which the requisite benefits are to be realized in the future. Were such to be the rule, few, if any, schemes of local improvement at the expense of the property immediately affected could ever be accomplished. It is natural for the average property owner to

resent the burden thus laid upon him, and he easily persuades himself that the thing for which he is asked to pay is a detriment, rather than a benefit, to his land; and ordinarily it is not difficult for him to find plenty of sympathizing neighbors who will unite in supporting his contention. Indeed, the benefits to be derived in such cases are ordinarily not instant upon the inception or completion of the improvement, but materialize with the developments of the future. They are none the less benefits because their full fruition is postponed, or because the present use to which the property is devoted is not of a character to be materially affected by the improvement.''

In *Tjaden v. Town of Wellsburg*, 197 Iowa 1292, we said:

''The amount of assessment for benefits is not of necessity limited by the present use to which the owner devotes the property. Future prospects and reasonable anticipations may be considered in determining the question.''

In *Turley v. Incorporated Town of Dyersville*, 202 Iowa 1221, we said:

''It is true that the question of the probable future growth of the town and the uses to which the property may reasonably be put, and the prospects of such use, together with other matters, are proper to take into consideration in determining the actual value of the property, under the statute, as the basis for the limitation of a special assessment. But when all proper evidence bearing upon the question of value is taken into consideration, the ultimate question to be determined is the actual value of the property, at the time, taking into consideration its condition with the improvement completed being taken into consideration. Future prospects of the property are proper to consider, but in the last analysis, they must be resolved into the determination of the present actual value. It is true that the determination of the actual value in cases of this character is necessarily to a degree conjectural and problematical. Absolute certainty and definite accuracy are not obtainable in such cases, but the actual value should be fixed as best can be determined from all of the evidence in the case. Due regard must be given to the assessment as fixed by the city council.''

In *Curtis v. Town of Dunlap*, supra, we said:

''Opinions of witnesses in such cases as this are advisory, and their weight depends, among other things, largely upon the

facts which the witness takes into consideration and relates, and the fullness of his statement of them, and the force which he gives to the various facts in arriving at his opinion.''

With the foregoing rules of law announced, we turn to the evidence, for the solution of the problem which confronts us. Three witnesses engaged in the real estate business in the defendant city gave testimony in behalf of the appellee. Six witnesses testified in behalf of the appellant city. Two of the defendant's witnesses are building contractors, one of same having had experience for 15 years as an insurance adjuster in fixing valuations of buildings, and the other having had experience in buying and selling property and in the improvement of vacant lots and disposal of the same. Another of the defendant's witnesses was engaged in the life and casualty insurance business, and has been engaged, to some extent, in the buying and selling of real estate. Another was the business manager of the ''Times Republican,'' and a director in the Marshalltown Savings & Loan Association, and had had experience for ten years in passing upon loans and valuations of various properties in Marshalltown. Another of the defendant's witnesses is secretary of the Marshalltown Savings & Loan Association. The remaining one of the defendant's witnesses is engaged in the gasoline and oil business, and has dealt a little in real estate, as shown by the record. The nine witnesses examined were all qualified to testify upon the question of values. None of them are shown to have been connected with the city administration. There is no material difference in the testimony given by them, except upon the question of values before and after the improvement.

Tract No. 1 is on the Lincoln Highway. Whether said highway runs along any of the other properties is not shown by the record, but they are in close proximity thereto. The portion of the city where the tracts in question are located has been considerably improved in recent years. The properties are provided with street-car service, are protected from fire by a fire station near by, and there is a public park, a schoolhouse, and a church in close proximity. These properties are served with sewer and water connections, electricity, and gas.

On Tract No. 2 are three small brick dwelling houses, each of which rents for from $12 to $15 per month. The rental value, or income by way of rent, is an element to be considered

in fixing the actual value. The value of said tract, as shown by the last preceding assessment roll, is $1,500. Two of appellee's witnesses fix the value of said tract without the improvement at $2,100, and immediately after the improvement at $2,400; while the remaining witness for appellee values said tract before the improvement at $2,400, and immediately after the improvement at $3,000. Of the six witnesses testifying for the defendant city, the lowest on values fixes the value before the improvement at $2,750, and after the improvement at $3,750. The trial court reduced the assessment from $922.35 to $600. We think the appellee failed to meet the burden placed upon him as to said tract, and that the court was in error in making any reduction as to said tract.

Tracts Nos. 3 and 4 are used together, there being two small brick tenement houses upon Tract No. 4, facing east upon South Sixth Avenue. One half of Tract No. 3 is used as a back yard, in conjunction with each of the houses situated to the east thereof upon Tract No. 4. The valuation of said two tracts, according to the last preceding assessment roll, is $400. The trial court reduced the assessment on Tract No. 3 from $276.71 to $200, and on Tract No. 4 from $276.71 to $250. After carefully scrutinizing all the evidence as to the valuations of said two tracts,—without setting the same out in detail, as no useful purpose would be served thereby,—we are content with the conclusion of the trial court with reference thereto.

With reference to Tract No. 16, there is a house 28 feet square, two stories high, and in fair state of repair, at about the center thereof. This tract is capable of being divided into as many as seven good building lots, five facing on Third Avenue, and those to the rear facing upon High Street and Young Street. The valuation according to the last preceding assessment roll is $800. One of the appellee's witnesses testified that said tract before the improvement was worth $3,000, and after the improvement $3,600, while the other two of appellee's witnesses testified that said tract was worth $3,000 before the improvement, and $3,500 afterward. The witnesses for the appellant varied in their testimony, one saying that the property was worth $5,000 before the improvement, and $7,000 afterward; another testifying that it was worth $6,000 before the improvement, and $7,200 afterward; another that it was worth $5,500 before the improve-

ment, and $7,000 afterward; and the remaining witnesses giving testimony of a similar nature, with only slight variations. The trial court reduced the assessment from $1,153.17 to $700.

We think the appellee has failed to meet the burden placed upon him; and, taking into consideration the condition and location of the property, as shown by the record, that a fair preponderance of the testimony shows that the said tract should bear the assessment placed thereon by the defendant city.

· The storm center of this lawsuit rages about the assessment upon the Tract No. 1. This tract lies low, and Linn Creek is about 400 feet to the north of same. It has in the past been subject to overflow, but that condition appears to have been remedied by the enlargement of an opening through a certain bridge in close proximity thereto. There has been no overflow of same during the last eight years. The property is used for a coal yard and for storage of building materials, such as brick, tile, etc. The Minneapolis & St. Louis Railroad track is in close proximity, said track occupying the triangular piece across the northwest corner hereinbefore mentioned. There are scales and a scale house situated thereon. The rent received is $25 per month. The lots lying in close proximity constitute a mixed industrial and residence district. Near by are the locations of the ''Diamond Products Paint Company'' and the ''Western Grocery Mills.'' It is shown to be suitable for a factory site, but there is not shown to be much demand for factory sites in Marshalltown at the present time. About five years ago, a prospective purchaser of a factory site investigated this property, but purchased property north of the fairground,—how far from this property is not shown by the record, but evidently a considerable distance therefrom. The record fails to disclose where the manufacturing and industrial district of the city is located, other than the two concerns hereinbefore mentioned; but it is manifest from the record that this property is not located in or in close proximity to said district. One of the appellee's witnesses testified that said tract was worth $2,000 to $2,500 before the improvement, and that the pavement added $500 or $600 to the value thereof. Another one gave it as his testimony that said tract was worth $2,800 before the improvement, and that the pavement added $200 or $300 to the value thereof. The remaining one of the appellee's witnesses stated

that said tract was worth from $2,250 to $2,500 before the improvement, and from $2,750 to $3,000 after the improvement. The appellant's witnesses valued said tract at a much higher estimate, the lowest valuation placed thereon being $5,500 before, and $7,000 after the improvement, and the highest valuation being $6,000 before, and $8,000 after the improvement.

The lower court reduced the assessment on said tract from $1,713.58 to $750. It is apparent from the record that defendant's witnesses lay much stress upon the suitability of said property as a factory site. But it must be apparent to anyone that, in order for such suitability to be a material element in increasing the value, there must be a demand for such sites. The prospective buyers of property for factory sites are quite limited, and no matter how suitable the location may be, without a demand therefor, the suitability could not increase the value. In view of the statutory rule, Section 6021 of the Code, hereinbefore quoted, governing the amount of special assessments to be levied upon property for any public improvement, and in view of our previous pronouncements hereinbefore cited and quoted, and especially applying what we said in *Turley v. Incorporated Town of Dyersville*, supra, we are constrained to believe that the action of the trial court in making the reduction on said tract is correct, and warranted by the testimony in the case.

Upon the whole case, the action of the trial court in reducing the assessments made by the city council upon Tracts Nos. 1, 3, and 4 is affirmed, and the action of said court in reducing the assessments upon Tracts Nos. 2 and 16 is reversed.—*Affirmed in part; reversed in part.*

· · STEVENS, C. J., and DE GRAFF, ALBERT, and MORLING, JJ., concur.