BERTHA GINGLES, appellant, v. CITY OF ONAWA, appellee.
DERWIN M. HOUSE et ux., appellants, v. CITY OF ONAWA, appellee.
LAWRENCE L. HOGUE et ux., appellants, v. CITY OF ONAWA,
appellee.

No. 47581.

(Reported in 41 N.W. 2d 717)

MARCH 7, 1950.

Prichard & Prichard, of Onawa, for appellants.

John D. Beardsley, of Onawa, for appellee.

HALE, J.—Appeal from assessment for paving. The appeal of Bertha Gingles is combined for hearing with the appeal of Derwin M. House and Jonteel House, and of Lawrence L. Hogue and Shirley Hogue, all of whom were property owners assessed for a street improvement consisting of the widening of the paved portion of seven blocks of paving. The properties assessed are a tract belonging to Mrs. Bertha Gingles on Diamond and West Broadway Streets, a tract belonging to the Houses on the corner of West Broadway and Pearl Streets, and a property belonging to the Hogues on Pearl Street, as described in the record.

The street widening program was ordered by the city council, and the legality or necessity of the improvement or method and manner of the improvement have not been questioned by the plaintiffs. The objections of each of the plaintiffs are, first, that their property was not benefited in any way whatsoever by the said improvement, and second, that the proposed assessment was for more than the benefit derived by said property. The defendant in each case claims that the plaintiff's property was benefited in the amount of the proposed assessment. The only question, therefore, for our consideration is the question of the amount of the assessments.

All three of the properties have substantial improvements; the Gingles property being south of and close to the business section of the city. The House property also has a large eleven-room house at its southwest corner and is immediately north of the business section. The Hogue property has a small house on the north side of Pearl Street, facing south about one-half block west of West Broadway. The streets adjacent to all three of

these properties were previously paved and the assessment was for widening the paving on these streets.

The plaintiffs called, as witnesses, several of the real estate dealers in the city of Onawa, the state inheritance tax appraisers from Monona County, and an appraiser engaged by Monona County appraising real estate. In substance, the majority of these witnesses testified that the widening of the pavement did not enhance the actual value of said properties. Some witnesses testified on cross-examination that as the Gingles property was immediately adjacent to the main portion of the city and located on highway 75, the land upon which these houses are located might be considered as potential business properties, but that the new paving did not enhance the actual value of the property.

The city offered no evidence that the properties received any special benefit, but relied on the resolution levying the assessments. No witnesses, however, offered any testimony as to what actual benefits, if any, were conferred upon any of the three properties.

I. The court found that the act of the city council in order- ing the pavement widening improvement and assessing the cost thereof on abutting property owners was a legislative determination that the improvement was necessary and that the property so assessed was benefited and that such determination of the city council creates a presumption that the property to be assessed would be benefited, and that under the law of this state one who has been assessed, such as the various plaintiffs in this case, may claim or contend that the assessment levied is in excess of the benefits derived by the property, but he cannot rebut the presumption that his property has been benefited in some degree.

We are convinced, as argued by defendant, that when a city council orders the paving of a street and provides that the cost shall be assessed upon the abutting property, it is a legislative determination that the improvement is expedient and proper and that there is a presumption that the property abutting on the improvement will be benefited thereby and that such determination cannot be set aside in a judicial proceeding. A leading authority to that effect is the case of Chicago, R. I. & P. R. Co. v. City of Centerville, 172 Iowa 444, 447, 153 N.W. 106, 107, in an opinion by Justice Weaver in which he says:

"Speaking generally, there is a fair presumption that all real estate receives some degree of benefit from the permanent improvement of a street upon which it abuts. It is upon such presumption that the whole system of special assessments for local improvements is justified and sustained. Acting upon such presumption, city councils have been clothed with a certain degree of legislative power to determine when it is expedient and proper to pave any given street or streets, and to provide, within certain limitations, how the cost thereof shall be defrayed. This discretion includes the authority to assess such cost upon the abutting property, in proportion to the benefits accruing to such property. It follows, we think, that the order of the city council, acting in accordance with the statute for the paving of the street and assessment of the cost upon abutting property, is not subject to control or interference by the courts; and (still assuming that the provisions of the statute have otherwise been observed) the question to be considered, upon an appeal from the assessment made, is whether the burden has been distributed or apportioned upon the several items of abutting property with due reference to the benefits they derive from the improvement. In other words, the action of the council, in ordering the pavement and providing that the cost shall be assessed upon the abutting property, is a legislative determination that the improvement is expedient and proper and that the property abutting upon the improvement will be benefited thereby; and such determination cannot be set aside or overruled in a judicial proceeding. This is not inconsistent with the right of the property owner to question and have determined the regularity of the procedure by the council and the equality of the assessment. In other words, while the owner of abutting property may object that it has been over-assessed, he cannot, if the proceedings have otherwise been regular, be heard to say that it is not liable to be assessed at all. * * *

"It certainly does not mean that, before such an assessment can be levied and enforced, the city must be able to show that, by reason of the paving, the abutting property has been advanced in market value to the extent of the assessment, or point out in detail the specific way and manner in which the requisite benefits are to be realized in the future. Were such to be the rule,

few, if any, schemes of local improvement at the expense of the property immediately affected could ever be accomplished. * * * the benefits to be derived in such cases are ordinarily not instant upon the inception or completion of the improvement, but materialize with the developments of the future. They are none the less benefits because their full fruition is postponed, or because the present use to which the property is devoted is not of a character to be materially affected by the improvement."

This case was cited and quoted in part in the case of In re Special Assessment Jefferson Street Sewer, 179 Iowa 975, 162 N.W. 239, an appeal of a property owner whose property was assessed for part of the cost of a sewer. She denied liability on the ground that she received no benefit whatever. The court held as in the Centerville case. Both of these cases were quoted and approved in the case of Dickinson v. City of Waterloo, 179 Iowa 946, 162 N.W. 242. Also in Lytle v. City of Sioux City, 198 Iowa 848, 849, 200 N.W. 416, the court saying: "It is well settled that the owner of abutting property cannot, if the proceedings have otherwise been regular, be heard to say that his property has not been benefited and is not liable to assessment at all."

II.   Plaintiffs refer to the case of Chicago, B. & Q. R. Co. v. City of Chariton (Iowa, not reported in State reports), 169 N.W. 337, 338, in which the court affirmed the action of the trial court in canceling such assessments on the ground that any benefits were merely nominal and therefore not assessable. However, as pointed out in subsequent decisions, we refer to the fact that the record in that case was in such a state of confusion that the court in the Chariton case stated: "Much of the evidence was taken with reference to a plat and schedule indicating the relative location of the several tracts of land; but these have since been lost, and owing to this we have labored under considerable embarrassment in the examination of the record."

The Chariton case was referred to in In re Resurfacing Fourth Street, 203 Iowa 298, 304, 211 N.W. 375, 378, where the court said:

"An examination of the case discloses that it came to this court on the appeal of the city from an express finding by the court below that the paving conferred no benefit on the prop-

erty assessed, and upon a record so incomplete that application of much of the testimony could not be intelligently made, and that presented no ground for reversal. Under such circumstances, the case cannot be regarded as overruling the Centerville case."

See also Brenton v. City of Des Moines, 219 Iowa 267, 257 N.W. 794.

III. Plaintiffs argue that although property has future prospects these prospects can be considered only in determining the present actual value of the property. Citing Nash v. City of Ames (Iowa, not reported in State reports), 282 N.W. 340; Turley v. Incorporated Town of Dyersville, 202 Iowa 1221, 211 N.W. 723. The Nash case merely lays down the rule that while it is proper to consider future prospects of this property, they must be considered only in determining its actual value with the improvement at the time of the levy, but it does not state that they are not to be considered at all. The Turley case reaffirms the statement that the probable future growth of the town and the uses to which the property may reasonably be put, and the prospects of such use, together with other matters, are proper to take into consideration in determining the actual value of the property under the statute as the basis for the limitation of a special assessment, stating, however, that when all evidence is taken the ultimate question to be determined is the actual value of the property at the time, taking into consideration its condition with the improvement completed.

The plaintiffs argue that not a single witness testified that the additional paving added to the present actual value of these properties although they took the future prospects of these properties, and their classification as of a commercial character, into consideration. However, considering the presumption that attaches to the action of the council in assessing benefits and that the burden of proof is upon the objectors, together with the fact that the testimony of plaintiffs consists generally if not entirely of opinion, the burden of proof has not been sustained. The presumption to be overcome by them is that the lots received some actual benefits.

Plaintiffs cite in support of their proposition, that the trial court erred in determining as a matter of law that the plaintiffs could not rebut the presumption that their properties had been

benefited in some degree. We do not think the authorities cited support this argument. The case of Chicago G. W. R. Co. v. City of Council Bluffs, 176 Iowa 247, 157 N.W. 947, is not based upon this proposition, but the appeal was based on the twenty-five per cent provision of the statute that the assessment was in excess of twenty-five per cent of the value of the lot, and so states.

Plaintiffs also cite Hauge v. City of Des Moines, 197 Iowa 907, 196 N.W. 68. In this case, which was an appeal from an assessment of benefit for street-extension improvement, the question was determined that the property was not legally adjacent to the improvement in question, and it was not confined to the mere amount of the assessment, and the city council was not authorized to levy a special assessment against it.

We think there could be no doubt that, as we have stated, a presumption obtains in favor of the assessment as made by the city council. See In re Resurfacing Fourth Street, supra; Finkle v. City of Marshalltown, 205 Iowa 918, 218 N.W. 618. Nor is it necessary, as argued by the plaintiffs, that the benefits immediately be reflected in present market value. Lytle v. City of Sioux City, supra; Camp v. City of Davenport, 151 Iowa 33, 130 N.W. 137; Bell v. City of Burlington, 154 Iowa 607, 134 N.W. 1082; Chicago, R. I. & P. R. Co. v. City of Centerville, supra; In re Paving Floyd Park Addition, 197 Iowa 915, 196 N.W. 597, and cases cited. And it may be taken as established that the amount of assessment for benefits is not necessarily limited by the present use to which the owner devoted property as future prospects and reasonable anticipation may be considered. Tjaden v. Town of Wellsburg, 197 Iowa 1292, 198 N.W. 772; In re Appeal of Gilcrest Co., 198 Iowa 162, 198 N.W. 30; In re Resurfacing Fourth Street, supra.

IV. We are satisfied that the plaintiffs are not entitled to relief because there was no evidence for the trial court as to what amount the plaintiffs' properties were especially benefited, and nothing upon which the trial court could base any relief from said assessment. In the case of Vail v. City of Chariton, 181 Iowa 296, 302, 164 N.W. 597, 599, an appeal from a special assessment imposed upon five lots or parts of lots belonging to the plaintiff, the court said:

"It is contended by appellant that her property received no benefit, and it is argued that, this being so, no special assessment should be made, and that, in any event, the assessment should not exceed the actual benefit to the property. But counsel have not pointed out any evidence tending to show the amount of benefits to plaintiff's property less than the amount assessed; that is, we find no evidence as to the extent of the actual benefit. Under the authorities, it has been held that some benefit is presumed. Appellant has the burden to show that the benefit is not equal to the finding of the council, and, in the absence of evidence as to the extent of the actual benefit conferred, that determined by the council should be allowed to stand." Citing Camp v. City of Davenport, supra.

In the Brenton case, supra, at pages 269 and 270 of 219 Iowa, page 796 of 257 N.W., it is said:

"The evidence fails to show to what extent the property was benefited by the new sewer. There being a conflict in the evidence as to whether the property was benefited or not, the burden rested upon appellants to show the extent of such benefits. It is the settled rule of law in this state that, in the absence of any evidence showing the extent of the benefits conferred, the action of the city council, in determining that the assessments were commensurate with the benefits conferred, must be sustained. In such event the action of the council is presumed to be correct and must be allowed to stand." Citing cases.

This case also cites and approves the following language from Tjaden v. Town of Wellsburg, supra:

" 'This statute expressly provides that the assessment for benefits cannot be in excess of such benefits. The rule has been frequently recognized. The burden rested upon appellant to overcome the presumption of the correctness of the assessment as made.' "

The Brenton case continues:

"While there is some opinion evidence in this case that the improvement conferred no benefit upon the property in question, the record does not contain any evidence bearing upon the extent of any actual benefits conferred. This court is therefore unable

to determine the amount of the benefits conferred. Under this situation, the presumption as to the correctness of the council's determination, that the assessments levied did not exceed the benefits, as determined by the city council and upheld by the lower court, must be allowed to stand."

Other incidental questions and discussions of evidence appear in the plaintiffs' argument, but need not be further discussed. We are satisfied that the action of the court in approving the assessments upon the three properties of the plaintiffs was correct and should be allowed to stand.—Affirmed.

All Justices concur.